# EXHIBIT A

July 17, 2019

To Whom It May Concern:

This is a request under the Freedom of Information Act. I am a senior reporter at The Center for Investigative Reporting (henceforth "CIR"), a national nonprofit news outlet. We produce a weekly radio show, Reveal, which is broadcast on more than 500 National Public Radio stations each week to an audience of more than one million listeners.

We also regularly syndicate our content through major print and television partners. In recent years, for example, my work has appeared in the New York Times, Chicago Tribune, ABC News, NBC News, and the PBS Newshour.

As an employee of the nation's oldest nonprofit news organization, I am seeking this information for dissemination to the general public as part of my ongoing reporting on the state of the housing market.

Specifically, I am requesting the following records:

**Any and all records -- including, data, documents, and correspondence that include information about the real human owners (in some cases known as beneficial owners) of all-cash real residential real estate transactions nationally from 2016 to the present, including but not limited to:**

**-- Addresses of all residential real estate purchased with the cash, which FINCEN is aware of**

**-- The amount of money transfered**

**-- The name of the true, human owners of each residential real estate purchased with cash, including but not limited to those purchased by LLC, LLP, and LP shell companies**

**-- The name of the individual responsible for representing the purchaser of the property**

**-- The address of the human owners, the address of the individual responsible for representing the purchaser**

**-- Any and all additional information FINCEN possesses about these purchases which is publicly disclosable.**

To help you understand why we are making this request, I am including the following background. Today, the Census Bureau reports, nearly three million US homes, not to mention thirteen million apartment units, are owned by LLCs, LLPs, and LPs. In many cases, the human owners of these property-owning concerns are unknown to the public, creating problems for local government when the properties are blighted and taxes go unpaid, and for tenants, who have difficulty seeking redress with much needed repairs. Before the creation of these shell companies became common, this information was typically easily available to the public at the local level, however now this information is obscured..

Further impeding public understanding is that in many of America's largest cities, more than 30 percent of residential real estate is being purchased with cash.

As a way of understanding, the requested documents may include:

Information about the true and human owners of Acropolis Capital LLC and addresses of all residential properties purchased by this company from 2016 to the present, purchase amounts, and other details mentioned above

Information about the true and human owners for WS Opportunity Zone LLC and addresses of all residential properties purchased by this company from 2016 to the present, purchase amounts, and other details mentioned above

Information on the true and human owners of 10463 Bellagio Road, Los Angeles, CA 90077, which was purchased with cash by COPA IL LLC in January 2019

Information on the true and human owners of 1 Ridge View Dr, Atherton, CA 94027, which was purchased in cash by 1 Ridge View Drive, LLC in May 2019

Any FINCEN reports, published or unpublished, which show the most frequent or largest purchasers of residential real estate through LLC, LPP, or LP shell companies.

I request a fee waiver. 5 U.S.C. § 552(a)(4)(A)(iii). We are a non-profit media organization. This request is made in the public interest and not for commercial use. For additional details about Reveal, please see our web site: <https://www.revealnews.org/>. If possible,

I would prefer the documents in electronic format so as to remove the need for any photocopying and shipping costs. Please notify me before incurring any photocopying costs over $100. Any information obtained from this request will be used for the public's interest in news stories written for CIR.

I certify that the above information is true and correct to the best of my knowledge.

I am seeking both incoming request letters and responsive documents. If any of these documents are already available online, please provide a URL. Otherwise, please furnish all responsive records in electronic, searchable format delivered to my email address aglantz@revealnews.org. If that's not possible, please send records on a thumb drive or CD-Rom to the following address:

Aaron Glantz
Center for Investigative Reporting
1400 65th St, Suite 200
Emeryville, CA 94608

Further Correspondence:

All correspondence regarding this request can be directed to me at
[aglantz@revealnews.org](aglantz@revealnews.org)

I am also requesting expedited processing on this request. 5 U.S.C. § 552(a)(6)(E)(v)(II); *see also Al-Fayed v. CIA*, 254 F.3d 300, 306 (D.C. Cir. 2001). The records requested involve up to a third of residential purchases in many of the nation's most populous metropolitan areas.

As FINCEN said in one news release. "Shell companies can often be formed without disclosing the individuals that ultimately own or control them." The public has a compelling right to know who is purchasing homes in our largest cities - this is a clear matter of grave public interest.


Please be aware that under 5 U.S.C. § 552(a)(6)(A), a FOIA request is considered constructively denied after twenty business days and is subject to litigation on that basis. If my request is denied in whole or part, I ask that you justify all deletions by reference to specific exemptions of the act. As the law requires, I will also expect you to release all segregable portions of otherwise exempt exempt material.

I reserve the right to appeal your decision to withhold any information or to deny a waiver of fees.

If you have any questions, do not hesitate to contact me at 415-632-6483.

I am also copying our general counsel, Victoria Baranetsky on this request. Her email is vbaranetsky@revealnews.org.

Thank you for your prompt attention to this request.

Sincerely,

Aaron Glantz

Cc: Victoria Baranetsky, general counsel, Reveal from the Center for Investigative Reporting.

# EXHIBIT B

Financial Crimes Enforcement Network
U.S. Department of the Treasury

Washington, D.C. 20220

July 24, 2019

Freedom of Information Act/Privacy Act Request Acknowledgement

| Aaron Glantz<br>Center for Investigative Reporting<br>1400 65th St, Suite 200<br>Emeryville, CA 94608<br>aglantz@revealnews.org | Request Date: | 07/17/2019 |
|---|---|---|
| | Date Received: | 07/24/2019 |
| | FinCEN Case Number: | 19-178-F |
| | goFOIA Case Number: | 2019-07-130 |

Dear Mr. Glantz:

Your request has been received in this office for processing. If you have any questions, please contact this office at FinCENFOIA@fincen.gov.

☒ No additional information is needed at this time. However, if any additional information is needed in order to complete our search for documents we will contact you

☐ Your request for expedited processing is denied because you do not qualify under one of the two required categories: 1) Circumstances in which the lack of expedited treatment could pose an imminent threat to life or physical safety, or 2) You are person primarily engaged in disseminating information and there exists an urgency to inform the public concerning actual or alleged Federal Government activity.

☐ We have determined that your request meets the "Unusual Circumstances" criteria of the FOIA due to one or more of the following: There is a need to search for and collect records from separate offices; there is a need to search for, collect, and examine a voluminous amount of records; or there is a need for consultation with another agency or among two or more components within the same agency. Therefore, we will not be able to complete the processing of your request within 30 working days (20 working days plus 10 additional business days allowed for "unusual circumstances."

If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, please contact the FOIA Branch and the analyst who is assigned to process your request will assist you. To do so, you may send an e-mail to FinCENFOIA@fincen.gov.

Additionally, you have a right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

# EXHIBIT C



**Financial Crimes Enforcement Network**
**U.S. Department of the Treasury**

Washington, D.C. 20220

July 29, 2019

Aaron Glantz
Center for Investigative Reporting
1400 65th St, Suite 200
Emeryville, CA 94608
aglantz@revealnews.org

Case Numbers: FinCEN 19-178-F
goFOIA 2019-07-130

Dear Mr. Glantz:

This letter responds to your July 17, 2019, Freedom of Information Act request (FOIA) request, addressed to the Financial Crimes Enforcement Network (FinCEN) FOIA Office, seeking, "any and all records -- including, data, documents, and correspondence that include information about the real human owners (in some cases known as beneficial owners) of all-cash real residential real estate transactions nationally from 2016 to the present, including but not limited to:

- Addresses of all residential real estate purchased with the cash, which FINCEN is aware of
- The amount of money transferred
- The name of the true, human owners of each residential real estate purchased with cash, including but not limited to those purchased by LLC, LLP, and LP shell companies
- The name of the individual responsible for representing the purchaser of the property
- The address of the human owners, the address of the individual responsible for representing the purchaser
- Any and all additional information FINCEN possesses about these purchases, which is publicly disclosable.

FinCEN can neither confirm nor deny the existence of the materials that you seek. Reports filed under the Bank Secrecy Act and records of such reports are exempt from disclosure under FOIA. 31 USC 5319; 5 USC 552(b)(3). Except to the extent necessary for the performance of official duties, FinCEN is prohibited from disclosing Bank Secrecy Act records and information that would reveal whether Bank Secrecy Act records do or do not exist. 31 USC 5318(g); 31 C.F.R. 1020.320(e)(2). Our rules state explicitly that "official duties" would not include a "response to a request for disclosure of non-public information." 31 C.F.R. 1020.320(e)(2). (System of Records Notice, 79 Fed. Reg. 20969-20976.)

<u>Fees</u>
There are no fees associated with processing this request because the fees incurred do not exceed the minimum threshold necessary for charge.

<u>Administrative Appeal</u>

In the event that you wish to appeal this determination, an administrative appeal may be made in writing to FOIA FinCEN P.O. Box 39 Vienna, VA 22183.  Please be sure to clearly mark "FOIA/PA Appeal" on both the letter and envelope.   Your appeal **must be submitted within 90 days** from the date of this determination.  It should contain your FOIA request number and, to the extent possible, the reasons why you believe the initial determination should be reversed. In addition, the envelope in which the appeal is mailed should be prominently marked "FOIA Appeal."  Please note that the determination of the appeal will be administratively final.

Additionally, you have the right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  You may contact OGIS as follows:  Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5796.

If you have any questions pertaining to your request, please feel free to contact the FOIA Office at 703-905-5034 or email FinCENFOIA@fincen.gov.


Sincerely,

Rosemary Law
FOIA Officer

# EXHIBIT D



FOIA Appeal
Financial Crimes Enforcement Network
P.O. Box 39
Vienna, VA 22183.

August 1, 2019

Via U.S. mail

**Re: FOIA Request #FinCEN 19-178-F, goFOIA 2019-07-130**

To Whom It May Concern:

The Center for Investigative Reporting ("CIR") hereby writes on behalf of the requester, reporter Mr. Aaron Glantz regarding a recent Freedom of Information Act request.

### I. Factual and Procedural History

On July 17, 2019, Mr. Glantz submitted a request via email for records to the Financial Crimes Enforcement Network ("FinCEN") within the Department of the Treasury ("Treasury") involving a matter of grave public interest and national attention (hereinafter "the Request"). A true and correct copy of the Request is attached as Exhibit A. More specifically, he requested the following:

- **Addresses of all residential real estate purchased with the cash, which FINCEN is aware of.**
- **The amount of money transferred.**
- **The name of the true, human owners of each residential real estate purchased with cash, including but not limited to those purchased by LLC, LLP, and LP shell companies.**
- **The name of the individual responsible for representing the purchaser of the property.**
- **The address of the human owners, the address of the individual responsible for representing the purchaser.**
- **Any and all additional information FINCEN possesses about these purchases, which is publicly disclosable.**

On July 24, 2019, Treasury wrote a letter acknowledging the Request. A true and correct copy of the letter is attached as Exhibit B. On July 29, 2019, Treasury wrote a letter stating that "FinCEN can neither confirm nor deny the existence of the materials that you seek" (hereinafter "the Denial"). A true and correct copy of the Denial is attached as Exhibit C. Specifically the Denial states, "records filed under the Bank Secrecy Act and records of such reports are exempt from disclosure under FOIA. 31 U.S.C. 5319; 5 USC 552(b)(3)." *Id.* It further states that "except to the extent necessary for the performance of official duties FinCEN is prohibited from disclosing Bank Secrecy Act records and information that would reveal whether Bank Secrecy Act records do or do not exist. 31 USC 5318(g); 31 C.F.R. 1020.320(e)(2)." *Id.*

CIR now writes to challenge the agency's assertion and its decision to withhold records.

## II. Argument

### A. The agency incorrectly asserted a Glomar response and failed to provide a detailed justification for withholding records.

An agency may refuse to respond to a FOIA request through a "Glomar response" when acknowledging the existence or nonexistence of responsive records would itself reveal information exempt under FOIA. The need for, and proper scope of, the Glomar response must be supported by detailed facts provided by the agency. *See Phillippi v. CIA*, 546 F.2d 1009 (D.C. Cir. 1976). The agency "bears the burden of showing that the fact of whether it possesses requested records is protected from disclosure under a FOIA exemption." *De Sousa v. Cent. Intelligence Agency*, 239 F. Supp. 3d 179, 190 (D.D.C. 2017). Courts find a Glomar response is only applicable "in that rare situation when either confirming or denying the very existence of records responsive to a request would 'cause harm cognizable under a FOIA exception.'" *Bartko v. United States Dep't of Justice*, 898 F.3d 51, 63–64 (D.C. Cir. 2018) (quoting *Roth v. Dep't of Justice*, 642 F.3d 1161, 1178 (D.C. Cir. 2011)). *See also Pickard v. Dep't of Justice*, 653 F.3d 782, 785–86 (9th Cir. 2011).

In this case, Treasury invokes a blanket Glomar response to withhold information without showing a cognizable harm. This boilerplate language is insufficient; the agency has failed to provide even a general description of how revealing that the relevant records or that the type of information withheld exists would cause a cognizable harm, let alone the "'relatively detailed justification'" required by law. *See Morley v. CIA*, 508 F.3d 1108, 1122 (D.C. Cir. 2007), quoting *King v. Dept of Justice*, 830 F.2d 210, 219 (D.C. Cir. 1987). Treasury is statutorily obligated to collect this information and admitting the existence of these documents is not a cognizable harm – especially where these records are publicly acknowledged. Instead, through a blanket Glomar response, the agency tries to sidestep its obligation of asserting a proper justification for withholding.

2

### B. The requested records are not properly exempt under the Bank Secrecy Act and Exemption 3.

Exemption 3 of the Freedom of Information Act incorporates into the FOIA certain nondisclosure provisions that are contained in other federal statutes. To determine whether an Exemption 3 statute applies, courts "determine whether the requested information falls within the scope of the withholding statute." *Carlson v. U.S. Postal Serv.*, 504 F.3d 1123, 1127 (9th Cir. 2007). "[B]arren assertions that an exempting statute has been met cannot suffice to establish that fact." *Founding Church of Scientology of Washington D.C., Inc. v. Nat'l Sec. Agency*, 610 F.2d 824, 831 (D.C. Cir. 1979). Instead, under FOIA an agency must provide a detailed and "justified reason" for withholding. *See Morley*, 508 F.3d at 1122 (D.C. Cir. 2007) (quoting *King*, 830 F.2d at 219). Courts often look to the legislative history of the withholding statute to determine if the statute applies. *See Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 37 (D.C. Cir. 2002).

The requested records do not fall under the scope of the Bank Secrecy Act because withholding does not fulfill the purpose of the statute. Commonly referred to as an anti-money laundering law, the Bank Secrecy Act was not designed to withhold general financial information. It was designed to compel financial actors to furnish records to the government "where they have a high degree of usefulness in criminal, tax, or regulatory investigations or proceedings, or in the conduct of intelligence or counterintelligence activities, including analysis, to protect against international terrorism." 31 U.S.C. 5311. Courts have found that the Bank Secrecy Act does not justify withholding general information and documents related to the Bank Secrecy Act, but only those records directly related to the statute. *BizCapital Bus. & Indus. Dev. Corp. v. OCC*, 467 F.3d 871 (5th Cir. 2006). Multiple courts have specifically faulted Treasury for withholding documents with blanket Bank Secrecy Act assertions. *See, e.g., Boyd v. Exec. Office for U.S. Att'ys*, 87 F.Supp.3d 58, 90 (D.D.C. 2015) ("Treasury's description of this withholding [pursuant to Exemption 3] is not sufficient: the agency has failed to provide even a general description of the relevant records or the type of information withheld.").

Here, the records CIR requests are not directly related to Bank Secrecy Act. CIR does not seek records of GTO, suspicious financial activity, or any documents relating to the status of ongoing investigations by FinCEN or any other government agency. Rather, CIR is simply interested in obtaining any documents Treasury possesses containing the identities of real property owners of America's real estate. Disclosing the information would fail to realize the purpose of the Bank Secrecy Act. Given these circumstances, the agency is not able to meet its burden of showing the requested records are protected from disclosure.

3

### C. The agency failed to release and redact all segregable portions as required by FOIA.

FOIA states that any "reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b). "The burden is on the agency to establish that all reasonably segregable portions of a document have been segregated and disclosed." *Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008). It is reversible error for the district court "to simply approve the withholding of an entire document without entering a finding on segregability." *Hamdan*, 797 F.3d at 779 (internal quotation and citation omitted).

Here, the federal government failed to meet its obligation to review, redact and release all segregable portions as required under FOIA. Treasury wholesale relies on the Bank Secrecy Act, 31 U.S.C. § 5319 *et seq.*, to withhold records without disclosing segregable portions. While courts have found records to be exempt from disclosure pursuant to the Bank Secrecy Act under Exemption 3, courts also find that agencies are still required to disclose all segregable portions. *See Davis v. U.S. Dep't of Justice*, No. Civ. A. 00-2457(CKK), 2003 WL 25568468, at *5 (D.D.C. 2003); *see also Berger v. I.R.S.*, 487 F. Supp. 2d 482, 496 (D.N.J. 2007). For instance, in *Berger v. IRS*, after re-reviewing the material withheld pursuant to the Bank Secrecy Act, the IRS disclosed all or part of 22 pages. *Id.* The IRS determined that the information in those 22 pages not derived or extracted directly from Bank Secrecy Act reports could be segregated from exempt information, and the IRS therefore disclosed portions of the records. The agency therefore "conceded" that certain information should have be disclosed and based on its review of the agency's declarations, the court accepted the IRS's representation. *Id.* Federal agencies engage in this type of review and release in countless FOIA cases, involving requests of much greater sensitivity. *See* Charlie Savage, *U.S. Releases Rules for Airstrike Killings of Terror Suspects*, N.Y. TIMES, Aug. 6, 2016, http://nyti.ms/2aJTOX8 (declassifying portions of documents about military drone policies).

Similarly, the agency in this instance failed to review, segregate and redact the documents as required by FOIA.

### D. The foreseeable harm standard requires Treasury to provide sufficient evidence for a court to determine that disclosure of a particular record will harm an interest protected by an exemption.

Under FOIA, as amended, an agency must not only show that information falls within the scope of an exemption to lawfully withhold it from the public, but also must clear an additional hurdle: the agency must demonstrate that release of that specific information would harm an interest protected by that exemption or is prohibited by law. 5 U.S.C. § 552(a)(8)(i). If the foreseeable harm standard is not

4

met, then "the document should be released." 114 Cong. Rec. S1496 (Mar. 15, 2016) (Statement of Sen. Leahy). In other words, "an agency must release a record—even if it falls within a FOIA exemption—if releasing the record would not reasonably harm an exemption-protected interest and if its disclosure is not prohibited by law." *Rosenberg v. U.S. Dep't of Defense*, 342 F. Supp. 3d 62, 73 (D.D.C. 2018).

Here, the agency is not able to show that the disclosure of the documents would create a forseeable harm. For most of our country's history, this vital public information has been easily accessible at county recorders offices. Only in recent years, an increasing share of residential real estate has been purchased in cash by LLC, LLP and LP shell companies which disguise the property's true owner. Legal scholars have even expressed alarm about withholding of this material. *See* Emily Badger, *Anonymous Owner LLC: Why It Has Become So Easy to Hide in the Housing Market*, N.Y. Times, April 30, 2018 (quoting a law professor and expert on studying LLCs since the 1980s, stating that the information should be made public). Withholding in this case not only goes against the purpose of FOIA, but also against the public interest and historical practice of having this information made public.

### III. Conclusion

Treasury is in violation of its obligations under law. The Center for Investigative Reporting respectfully requests that this office remand this matter with instructions to review and release the records responsive to the Request. Should this office need clarification as to any aspect of this letter, I'm available at vbaranetsky@revealnews.org or 510-982-2890. Thank you in advance for your assistance in this matter.

Sincerely,

Victoria D. Baranetsky
General Counsel
The Center for Investigative Reporting

cc: Aaron Glantz

5

# EXHIBIT E



Financial Crimes Enforcement Network
U.S. Department of the Treasury

Washington, D.C. 20220

August 7, 2019

Victoria D. Baranetsky
General Counsel
The Center for Investigative Reporting
1400 65th St., Suite 200
Emeryville, CA  94608
vbaranetsky@revealnews.org

Case Numbers: FinCEN 19-178-F
goFOIA 2019-07-130

Dear Ms. Baranetsky,

This letter acknowledges your August 1, 2019, Freedom of Information Act appeal received on August 7, 2019, in the Financial Crimes Enforcement Network (FinCEN) FOIA Office.

Your appeal is being directed to FinCEN's Office of Chief Counsel.  Every effort will be made to provide you with a timely response within 20 business days.

Further inquiries concerning your appeal should be mailed to:

> Freedom   of   Information   Act   Appeal
> FinCEN
> P.O. Box 39
> Vienna, VA  22183

  Sincerely,

Rosemary Law
FOIA Officer

*www.fincen.gov*

# EXHIBIT F



Financial Crimes Enforcement Network
U.S. Department of the Treasury

Washington, D.C. 20220

October 17, 2019

Victoria D. Baranetsky
General Counsel
The Center for Investigative Reporting
1400 65th Street, Suite 200
Emeryville, CA 94608
vbaranetsky@revealnews.org


Re:   FinCEN 19-178-F
      goFOIA 2019-07-130

Dear Ms. Baranetsky:

This responds to your letter to the Financial Crimes Enforcement Network ("FinCEN") dated August 1, 2019, appealing FinCEN's July 29, 2019 response to your FOIA request.

Upon review of your appeal, I have decided to remand your request to FinCEN's FOIA Office for further processing. FinCEN's FOIA Office will contact you directly.

Sincerely,

Jamal El-Hindi
Deputy Director

www.fincen.gov