DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
J. WESLEY SAMPLES (CABN 321845)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Facsimile:  (415) 436-7234
    Email:  Wes.Samples@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and AARON GLANTZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY,<br><br>    Defendant. | Case No.: 3:19-cv-08181-JCS<br><br>**DEFENDANT'S ANSWER** |

Defendant United States Department of the Treasury ("Defendant") hereby responds to the Complaint filed by Plaintiffs The Center for Investigative Reporting and Aaron Glantz ("Plaintiffs"). In response to the numbered paragraphs and sentences of the Complaint, Defendant admits, denies, or otherwise respond as follows:

**INTRODUCTION**[1]

1. Defendant admits that this action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant further admits that the Financial Crimes Enforcement Network ("FinCEN") is a bureau of the United States Department of Treasury. The remainder of Paragraph 1 contains Plaintiffs' characterization of this action and legal conclusions, to which no response is required.

2. Defendant admits that on July 17, 2019 Plaintiffs submitted a FOIA request to FinCEN. The remainder of Paragraph 2 contains Plaintiffs' characterizations of their FOIA request, to which no further response is required. Defendant respectfully refers the Court to the referenced document for a full and accurate statement of its contents. To the extent that Plaintiffs' characterizations of the content of the document are inconsistent with the text of the document, Defendant denies the allegation.

3. Defendant admits that on July 29, 2019, Defendant sent a letter to Plaintiffs. The remainder of Paragraph 3 contains Plaintiffs' characterization of the July 29, 2019, letter, to which no further response is required. Defendant respectfully refers the Court to the referenced document for a full and accurate statement of its contents. To the extent that Plaintiffs' characterizations of the content of the document are inconsistent with the text of the document, Defendant denies the allegation. Regarding the content of Plaintiffs' footnote 1 which also appears in Paragraph 3, footnote 1 contains legal conclusions to which no response is required. To the extent that a response is required regarding footnote 1, Defendant respectfully refers the Court to the cited document for a full and accurate statement of its contents. To the extent Plaintiffs' characterizations of the contents of the cited document are inconsistent with the text of cited documents, Defendant denies the allegations.

4. Defendant is without sufficient knowledge to admit or deny the factual allegations regarding the date on which Plaintiffs sent a letter to Defendant appealing the denial. Defendant

---

[1] Defendant has included the headings listed in the Complaint simply to assist in reading the pleadings and does not admit the accuracy of those headings.

ANSWER
CASE NO. 3:19-CV-08181-JCS                                    1

respectfully refers the Court to the referenced document for a full and accurate statement of its contents. To the extent Plaintiffs' characterizations of the content of the document are inconsistent with the text of the Document, Defendant denies the allegation.

5.   Defendant admits that on October 17, 2019, the Deputy Director of FinCEN sent a letter to Victoria D. Baranetsky, General Counsel for The Center for Investigative Reporting. The remainder of Paragraph 5 contains Plaintiffs' characterizations of the October 17, 2019 letter, to which no further response is required. Defendant respectfully refers the Court to the referenced document for a full and accurate statement of its contents. To the extent that Plaintiffs' characterization of the contents of the document are inconsistent with the text of the document, Defendant denies the allegation.

6.   Defendant denies Paragraph 6. Since the instant Complaint was filed Defendant has issued two responses to Plaintiffs' FOIA request, respectively on January 31, 2020, and February 7, 2020. True and correct copies of those two additional responses are attached hereto as Exhibits 1 and 2. Defendant's review is ongoing as of the date of this Answer. The remainder of Paragraph 6 contains characterizations of this action and legal conclusions, to which no response is required. Defendant respectfully refers the Court to the referenced documents for a full and accurate statement of their contents. To the extent that Plaintiffs' characterization of the contents of the documents are inconsistent with the text of the documents, Defendant denies the allegation.

7.   Defendant is without sufficient knowledge to admit or deny the factual allegations regarding Plaintiffs' beliefs and motivations, and, on that basis, denies the allegations in Paragraph 7.

8.   Defendant admits the quoted document contains the quoted language. The remainder of Paragraph 8 contains Plaintiffs' characterizations of the cited document, to which no further response is required. Defendant respectfully refers the Court to the cited document for a full and accurate statement of its contents. To the extent Plaintiffs' characterizations of the contents of the cited document are inconsistent with the text of the cited document, Defendant denies the allegation.

9.   Paragraph 9 consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief, at least because since the instant Complaint was filed Defendant has issued two responses to Plaintiffs' FOIA request, respectively on January 31, 2020 and February 7, 2020. True and correct copies of those two

additional responses are attached hereto as Exhibits 1 and 2.  Defendant's review is ongoing as of the date of this Answer.

## JURISDICTION AND VENUE

10. The allegations in Paragraph 10 contain conclusions of law concerning jurisdiction to which no response is required.  To the extent any further response is required, Defendant admits that this Court has jurisdiction over this FOIA action.

## VENUE AND INTRADISTRICT ASSIGNMENT

11. The allegations in Paragraph 11 contain conclusions of law regarding venue, to which no response is required.  To the extent any further response is required, Defendant admits venue is proper in this District.

12. The allegations in Paragraph 12 contain conclusions of law concerning intradistrict assignment to which no response is required.  To the extent a response is required, Defendant admits intradistrict assignment in the San Francisco or Oakland Divisions is proper.

## PARTIES

13. Defendant is without sufficient knowledge to admit or deny the factual allegations contained in Paragraph 13, and, on that basis, denies the allegations in Paragraph 13.

14. Defendant is without sufficient knowledge to admit or deny the factual allegations contained in Paragraph 14, and, on that basis, denies the allegations in Paragraph 14.

15. Defendant admits that the United States Department of Treasury is a department within the executive branch of the United States government, and the United States Department of Treasury is an "agency" for the purposes of 5 U.S.C. § 552(f)(1).  Defendant further admits FinCEN is bureau of the United States Department of Treasury, and that both have their headquarters in Washington, D.C.

## FACTUAL BACKGROUND

16. Defendant admits that FinCEN was established in 1990.  Defendant also admits the quoted document contains the quoted language.  The remainder of Paragraph 16 contains Plaintiffs' characterizations of cited documents, to which no further response is required.  Defendant respectfully refers the Court to the cited documents for a full and accurate statement of their contents.  To the extent Plaintiffs' characterizations of the contents of the cited documents are inconsistent with the text of cited

documents, Defendant denies the allegations. Defendant further responds that Defendant is tasked with safeguarding the United States financial system from illicit use and combating money laundering and promoting national security through the collection, analysis and dissemination of financial intelligence and strategic use of financial authorities. The Bank Secrecy Act ("BSA") is a legislative framework that includes provisions established by Titles I and II of P.L. 91-507 (1970), as amended by Title III of the USA PATRIOT Act of 2001 and other legislation, and codified at 12 U.S.C. § 1829b, 12 U.S.C. §§ 1951-1959, and 31 U.S.C. §§ 5311-5314 and 5316-5332, which authorizes the Secretary of the Treasury to issue regulations requiring banks and other financial institutions to take a number of precautions against money laundering and other financial crime. This includes requiring banks and other financial institutions to establish anti-money laundering ("AML") programs and to maintain certain records and file certain reports that have a high degree of usefulness in criminal, tax, or regulatory investigations or proceedings, or in the conduct of intelligence and counter-intelligence activities, including analysis, to protect against international terrorism. *See* 31 U.S.C. §§ 5311, 5318(a)(2), 5318(h).

17. Defendant admits the quoted documents contain the quoted language. The remainder of Paragraph 17 contains Plaintiffs' characterizations of cited documents, to which no further response is required. Defendant respectfully refers the Court to the cited documents for a full and accurate statement of their contents. To the extent Plaintiffs' characterizations of the contents of the cited documents are inconsistent with the text of cited documents, Defendant denies the allegations. Defendant further responds that Defendant is tasked with sharing BSA report information with other government agencies for a purpose consistent with one or more reasons for which such reports are collected – i.e., where they will have a high degree of usefulness in criminal, tax, or regulatory investigations or proceedings, or in the conduct of intelligence and counter-intelligence activities. *See* 31 U.S.C. §§ 5311, 5319. BSA reports and records of reports are statutorily exempt from the FOIA. 31 U.S.C. § 5319.

18. Defendant admits the quoted document contains the quoted language. The remainder of Paragraph 18 contains Plaintiffs' characterizations of a cited document, to which no further response is required. Defendant respectfully refers the Court to the cited document for a full and accurate statement of its contents. To the extent Plaintiffs' characterizations of the contents of the cited document are

inconsistent with the text of cited documents, Defendant denies the allegations. Defendant also reasserts and incorporates by reference its responses to the allegations set forth in paragraphs 16 and 17 of this Answer as applicable.

19. Defendant admits the quoted document contains the quoted language. The remainder of Paragraph 19 contains legal conclusions and Plaintiffs' characterizations of a cited document, to which no further response is required. Defendant respectfully refers the Court to the cited document for a full and accurate statement of its contents. To the extent Plaintiffs' characterizations of the contents of the cited document are inconsistent with the text of cited documents, Defendant denies the allegations. Defendant also reasserts and incorporates by reference its responses to the allegations set forth in paragraphs 16 and 17 of this Answer as applicable.

20. Defendant is without sufficient knowledge to admit or deny the content of the document cited and quoted in the allegation. The remainder of Paragraph 20 contains legal conclusions and Plaintiffs' characterizations of a cited document, to which no further response is required. For at least these reasons, Defendant respectfully refers the Court to the cited document for a full and accurate statement of its contents, and denies the allegations in Paragraph 20. Defendant also reasserts and incorporates by reference its responses to the allegations set forth in paragraphs 16 and 17 of this Answer as applicable.

21. Paragraph 21 contains legal conclusions and Plaintiffs' characterizations of cited documents, to which no response is required. To the extent any further response is required, Defendant states that it lacks sufficient information or knowledge with respect to the allegations contained in Paragraph 21, and Defendant respectfully refers to the Court to the cited documents for a full and accurate statement of their contents, and therefore denies the allegations in Paragraph 21.

22. Paragraph 22 contains Plaintiffs' characterizations of a cited document, to which no further response is required. Moreover, Defendant is without sufficient knowledge to admit or deny the factual allegations regarding the cited document. For at least these reasons, Defendant respectfully refers the Court to the cited document for a full and accurate statement of its contents, and denies the allegations in Paragraph 22.

23.     Paragraph 23 contains legal conclusions and Plaintiffs' characterizations of a cited document, to which no further response is required.  Moreover, Defendant is without sufficient knowledge to admit or deny the factual allegations regarding the cited document.  For at least these reasons, Defendant respectfully refers the Court to the cited document for a full and accurate statement of its contents, and denies the allegations in Paragraph 23.

24.     Defendant admits that it issued an Advisory indicating that shell companies are used to obfuscate the identities of residential real estate owners and that the quoted text appears in the quoted www.fincen.gov document.  The remainder of Paragraph 24 contains legal conclusions and Plaintiffs' characterizations of cited documents, to which no further response is required, and on at least that basis Defendant denies the allegations in Paragraph 24.  Defendant respectfully refers the Court to the cited www.fincen.gov document for a full and accurate statement of its contents.  To the extent Plaintiffs' characterizations of the contents of the cited www.fincen.gov document are inconsistent with the text, Defendant also denies the allegations as to the www.fincen.gov document in Paragraph 24.  Regarding the www.theguardian.com document, Defendant is without sufficient knowledge to admit or deny the factual allegations therein, and on that basis also denies the allegations as to the www.theguardian.com document cited in Paragraph 24.

25.     Paragraph 25 contains Plaintiffs' characterizations of cited documents, to which no response is required.  Additionally, Defendant is without sufficient knowledge to admit or deny the factual allegations contained in Paragraph 25, and therefore denies the allegations in Paragraph 25.

26.     Defendant admits that the quoted text appears in the quoted www.fincen.gov document. Defendant respectfully refers the Court to the cited document for a full and accurate statement of its contents.  To the extent Plaintiffs' characterizations of the contents of the cited document are inconsistent with the text, Defendant denies the allegations of Paragraph 26.

27.     Paragraph 27 contains Plaintiffs' characterizations of a cited document, to which no response is required.  Additionally, Defendant is without sufficient knowledge to admit or deny the factual allegations contained in Paragraph 27, and therefore denies the allegations in Paragraph 27.

28.     Paragraph 28 contains legal conclusions and Plaintiffs' characterizations of a cited document, to which no response is required.  Additionally, Defendant is without sufficient knowledge to

1  admit or deny the factual allegations contained in Paragraph 28, and therefore denies the allegations in Paragraph 28.

29. Paragraph 29 contains legal conclusions and Plaintiffs' characterizations of a cited document, to which no response is required. Additionally, Defendant is without sufficient knowledge to admit or deny the factual allegations contained in Paragraph 29, and therefore denies the allegations in Paragraph 29.

30. Paragraph 30 contains Plaintiffs' characterizations of cited documents, to which no response is required. Additionally, Defendant is without sufficient knowledge to admit or deny the factual allegations contained in Paragraph 30, and therefore denies the allegations in Paragraph 30.

31. Paragraph 31 contains legal conclusions and Plaintiffs' characterizations of a cited document, to which no response is required. Additionally, Defendant is without sufficient knowledge to admit or deny the factual allegations contained in Paragraph 31, and therefore denies the allegations in Paragraph 31.

32. Paragraph 32 contains Plaintiffs' characterizations of cited documents, to which no response is required. Additionally, Defendant is without sufficient knowledge to admit or deny the factual allegations contained in Paragraph 32, and therefore denies the allegations in Paragraph 32.

33. Paragraph 33 contains Plaintiffs' characterizations of cited documents, to which no response is required. Additionally, Defendant is without sufficient knowledge to admit or deny the factual allegations contained in Paragraph 33, and therefore denies the allegations in Paragraph 33.

## PROCEDURAL BACKGROUND

34. Defendant admits that Plaintiffs submitted a FOIA request dated July 17, 2019. Defendant admits that a copy of the FOIA request dated July 17, 2019, is attached to the Complaint as Exhibit A. The remainder of Paragraph 34 contains Plaintiffs' characterization of their FOIA request, to which no further response is required. Defendant respectfully refers the Court to the referenced document for a full and accurate statement of its contents. To the extent that Plaintiffs' characterization of the content of the document are inconsistent with the text of the document, Defendant denies the allegation.

35.     Defendant admits that Plaintiffs submitted a FOIA request dated July 17, 2019. Defendant admits that a copy of the FOIA request dated July 17, 2019, is attached to the Complaint as Exhibit A. Defendant further denies that the requests in Complaint Exhibit A are the same as in Paragraph 35, and on that basis denies the allegations in Paragraph 35. Defendant respectfully refers the Court to Exhibit A for a full and accurate statement of its contents.

36.     Defendant admits that Plaintiffs sought a waiver of applicable fees in the FOIA request dated July 17, 2019, attached to the Complaint as Exhibit A.

37.     Defendant admits that Defendant sent a letter to Plaintiffs acknowledging Plaintiffs' FOIA request on July 24, 2019. Defendant admits that a copy of that letter dated July 24, 2019, is attached to the Complaint as Exhibit B. Exhibit B refers to Plaintiffs July 17, 2019, request with two distinct tracking numbers: FinCEN Case Number 19-178-F and goFOIA Case Number 2019-07-130. The FinCEN Case Number allows for tracking of requests internally within the bureau. The goFOIA Case Number allows Defendant, on a Department-wide basis to track aggregate FOIA statistics for annual reporting purposes.

38.     Defendant admits that Defendant sent a letter to Plaintiffs regarding Plaintiffs' FOIA requests on July 29, 2019. Defendant admits that a copy of that letter dated July 29, 2019, is attached to the Complaint as Exhibit C. In so far as Paragraph 38 contains legal conclusions or Plaintiffs' characterizations of Exhibit C, no further response is required, and Defendant respectfully refers the Court to Exhibit C for a full and accurate statement of its contents. To the extent Plaintiffs' characterizations of the content of Exhibit C are inconsistent with the text of the document, Defendant denies the allegation.

39.     Defendant admits that a copy of a letter dated August 1, 2019, regarding Plaintiffs' FOIA request, is attached to the Complaint as Exhibit D. Defendant, however, is without sufficient knowledge to admit or deny the factual allegations regarding the date on which Plaintiffs sent Exhibit D.

40.     Paragraph 40 contains legal conclusions and Plaintiffs' characterizations of a referenced document. Defendant respectfully refers the Court to the referenced document for a full and accurate statement of its contents. To the extent Plaintiffs' characterizations of the contents of the referenced document are inconsistent with the text of cited document, Defendant denies the allegations.

41. Defendant admits that FinCEN's Deputy Director sent a letter to Plaintiffs regarding Plaintiffs' FOIA request on August 7, 2019. Defendant admits that a copy of that letter dated August 7, 2019, is attached to the Complaint as Exhibit E, and that Exhibit E contains the language quoted in Paragraph 41.

42. Paragraph 42 contains Plaintiffs' characterizations of a document attached to the Complaint as Exhibit F. Defendant respectfully refers the Court to the referenced document for a full and accurate statement of its contents. To the extent Plaintiffs' characterizations of the contents of the referenced document are inconsistent with the text of the cited document, Defendant denies the allegation. By way of further explanation, Defendant issued a letter regarding Plaintiffs' FOIA request on October 17, 2019. Defendant admits that a copy of that letter dated October 17, 2019, signed by Defendant's Deputy Director, is attached to the Complaint as Exhibit F.

43. Defendant denies that the Plaintiffs have not received any further communication. Since the instant Complaint was filed Defendant has issued two responses to Plaintiffs' FOIA request, respectively on January 31, 2020 and February 7, 2020. True and correct copies of those two additional responses are attached hereto as Exhibits 1 and 2. Defendant's review is ongoing as of the date of this Answer.

44. Defendant denies that Plaintiff is entitled to injunctive relief. Defendant further denies that Plaintiff has exhausted all administrative remedies. Since the instant Complaint was filed Defendant has issued two responses to Plaintiffs' FOIA request, respectively on January 31, 2020, and February 7, 2020. True and correct copies of those two additional responses are attached hereto as Exhibits 1 and 2. Defendant's review is ongoing as of the date of this Answer.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

45. Defendant reasserts and incorporates by reference each and every response to the allegations set forth in Paragraphs 1-44 of this Answer as fully stated therein.

46. Defendant denies the allegations contained in Paragraph 46.

47. Defendant denies the allegations contained in Paragraph 47.

48. Defendant denies the allegations contained in Paragraph 48.

49. Defendant denies the allegations contained in Paragraph 49.

## REQUESTED RELIEF

Plaintiffs' Prayer for Relief consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant denies each and every allegation not previously admitted or otherwise qualified.

## FIRST DEFENSE

Defendant has conducted an adequate search in response to the underlying request under the FOIA, and has not improperly withheld any records under the FOIA.

## SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted. Since the instant Complaint was filed Defendant has issued two responses to Plaintiffs' FOIA request, respectively on January 31, 2020, and February 7, 2020  The majority of pages withheld in full by Defendant are exempt from disclosure pursuant to 31 U.S.C. § 5319, because they constitute reports and records of reports under the Bank Secrecy Act.

## THIRD DEFENSE

The Court lacks jurisdiction over any matter as to which Plaintiffs failed to satisfy administrative prerequisites to suit, as well as over any requests that are not contained in a FOIA request at issue in this action.

The Court also lacks jurisdiction over Plaintiffs' claim that Defendant has not issued any further responses. *See* Exhibits 1 and 2.

Defendant reserves the right to assert additional defenses as warranted.

**PRAYER FOR RELIEF:**

WHEREFORE, Defendant prays that:

1. Plaintiffs take nothing by their Complaint;
2. The Complaint be dismissed with prejudice;
3. Judgment be entered in favor of Defendant;
4. Defendant be awarded its costs of suit;
5. The Court award such other and further relief as it may deem proper.

Dated: February 21, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/ J. Wesley Samples
J. WESLEY SAMPLES
Assistant United States Attorney