# EXHIBIT 10



Financial Crimes Enforcement Network
U.S. Department of the Treasury

Washington, D.C. 20220

February 27, 2020

Aaron Glantz
Center for Investigative Reporting
1400 65th St, Suite 200
Emeryville, CA 94608
aglantz@revealnews.org


Case Numbers: FinCEN 19-178-F
             goFOIA 2019-07-130


Dear Mr. Glantz:

This is in further response to your Freedom of Information Act request dated July 17, 2019, addressed to the Financial Crimes Enforcement Network (FinCEN) FOIA Office, seeking, "any and all records -- including, data, documents, and correspondence that include information about the real human owners (in some cases known as beneficial owners) of all-cash real residential real estate transactions nationally from 2016 to the present, including but not limited to:

- Addresses of all residential real estate purchased with the cash, which FINCEN is aware of

- The amount of money transferred

- The name of the true, human owners of each residential real estate purchased with cash, including but not limited to those purchased by LLC, LLP, and LP shell companies

- The name of the individual responsible for representing the purchaser of the property

- The address of the human owners, the address of the individual responsible for representing the purchaser

- Any and all additional information FINCEN possesses about these purchases, which is publicly disclosable.

Your appeal letter dated August 1, 2019, stated four grounds for your appeal, as follows:

1.  The agency incorrectly asserted a Glomar response and failed to provide a detailed justification for withholding records,

2.  The requested records are not properly exempt under the Bank Secrecy Act and Exemption 3,

3.  The agency failed to release and redact all segregable portions as required by FOIA, and

4.  The foreseeable harm standard requires Treasury to provide sufficient evidence for a court to determine that disclosure of a particular record will harm an interest protected by an exemption.

Glantz FOIA No. 19-178-F Appeal Response Letter (October 17, 2019). FinCEN's Appellate Authority remanded your request to FinCEN's FOIA Office for further processing. FinCEN has therefore reprocessed your request under the FOIA, 5 U.S.C. § 552.

This is the final response to your FOIA request dated July 17, 2019. The processing of your request identified certain materials that are being withheld in full pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Please refer to the Applicable FOIA Exemptions list at the end of this letter that identifies the authority for withholding the exempt material, which is indicated by a mark appearing in the block next to the exemption. Certain pages may be subject to multiple exemptions cited below. An additional enclosure with this letter explains these FOIA exemptions in more detail. Much of the material identified in connection with your request is stored in an electronic format, resulting in an estimate of the total number of pages if the material were printed in a paper format.

If you are dissatisfied with FinCEN's action on this remanded FOIA request, you may seek judicial review in accordance with the FOIA, 5 U.S.C. § 552(a)(4)(B).

Additionally, you have the right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5796.

If you have any questions pertaining to your request, please feel free to contact the FOIA Office at email FinCENFOIA@fincen.gov.

Sincerely,

Rosemary Law
FOIA Officer

Summary:
Number of Pages Withheld in Full: approximately 113,871.

## APPLICABLE EXEMPTIONS
## FREEDOM OF INFORMATION ACT AND/OR PRIVACY ACT

### Freedom of Information Act (5 U.S.C. 552)

☐ (b)(1)   ☐ (b)(2)   ☒ (b)(3)   ☐ (b)(4)   ☒ (b)(5)   ☒ (b)(6)

☒ (b)(7)(A)   ☐ (b)(7)(B)   ☒ (b)(7)(C)   ☐ (b)(7)(D)   ☒ (b)(7)(E)   ☐ (b)(7)(F)

Enclosures

FREEDOM OF INFORMATION ACT
SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

Financial Crimes Enforcement Network (FinCEN) FOIA Branch applies FOIA exemptions to protect:

<u>Exemptions</u>

**Exemption (b)(1):** Records that contain information that is classified for national security purposes.

**Exemption (b)(2):** Records that are related solely to the internal personnel rules and practices of an agency.

**Exemption (b)(3):** Records specifically exempted from disclosure by code 31 U.S.C. § 5319, (Bank Secrecy Act) which includes disclosure of reports pertaining to monetary instruments transactions filed under subchapter II of chapter 53 of title 31 and records of those reports.

**Exemption (b)(4):** Records that contain trade secrets and commercial or financial information obtained from a person that is privileged or confidential.

**Exemption (b)(5):** Inter- or intra-agency records that are normally privileged in the civil discovery context. The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege:

- Deliberative process privilege – Under the deliberative process privilege, disclosure of these records would injure the quality of future agency decisions by discouraging the open and frank policy discussions between subordinates and superiors.
- Attorney work-product privilege – Records prepared by or at the direction of a FinCEN attorney.
- Attorney-client privilege – Records of communications between an attorney and his/her client relating to a matter for which the client has sought legal advice, as well as facts divulged by client to attorney and any opinions given by attorney based on these.

**Exemption (b)(6):** Records that contain identifying information that applies to a particular individual when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." This requires the balancing of the public's right to disclosure against the individual's right to privacy.

**Exemption (b)(7)(A):** Records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information…could reasonably be expected to interfere with law enforcement proceedings.

**Exemption (b)(7)(C):** Records containing law enforcement information when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy" based upon the traditional recognition of strong privacy interests ordinarily appropriated in law enforcement records.

**Exemption (b)(7)(D):** Records or information compiled for law enforcement purposes [which] could reasonably be expected to disclose the identity of a confidential source, including a state, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a

lawful national security intelligence investigation, information furnished by a confidential source.

**Exemption (b)(7)(E):** Records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.