# EXHIBIT 23



Financial Crimes Enforcement Network
U.S. Department of the Treasury

*Washington, D.C. 20220*

**Financial Crimes Enforcement Network (FinCEN) Statement on Enforcement of the Bank Secrecy Act**

This statement describes FinCEN's approach to enforcing the Bank Secrecy Act (BSA).[1] FinCEN uses the factors described in this statement to determine the appropriate enforcement response when it identifies actual or possible violations of the BSA. FinCEN is issuing this statement as administrator of the BSA.[2]

**Background**

Most BSA requirements apply by their terms only to "financial institutions," as defined in the BSA and its implementing regulations. The definition of financial institution encompasses a wide variety of institutions, including banks, broker-dealers in securities, money services businesses, and casinos and card clubs, among others.[3] The BSA, in more limited circumstances, prescribes rules of conduct for nonfinancial trades and businesses and individuals. FinCEN may take enforcement actions, to include imposing civil money penalties on financial institutions, nonfinancial trades or businesses, and other persons that violate the BSA, and in a number of instances may take enforcement actions, to include imposing civil money penalties on partners, directors, officers, or employees who participate in these violations.[4]

When FinCEN takes an enforcement action, it will seek to establish a violation of law based on applicable statutes and regulations. FinCEN will not treat noncompliance with a standard of conduct announced solely in a guidance document as itself a violation of law. Regulated parties will be afforded an opportunity to respond to and contest factual findings or legal conclusions underlying any FinCEN enforcement action.

---

1. The BSA is codified at 12 U.S.C. §§ 1829b, 1951-1959, and 31 U.S.C. §§ 5311-5314, 5316-5332. Regulations implementing the BSA appear at 31 C.F.R. Chapter X.
2. 31 C.F.R. § 1010.810(a) (2019) (delegating to FinCEN "overall authority for enforcement and compliance").
3. *See, e.g.*, 31 U.S.C. § 5312(a)(2)(A)–(F) (2012) and 31 C.F.R. § 1010.100(d), (t)(1) (2019) (banks); 31 U.S.C. § 5312(a)(2)(G) (2012) and 31 C.F.R. § 1010.100(h), (t)(2) (2019) (broker-dealers in securities); 31 U.S.C. § 5312(a)(2)(R) (2012) and 31 C.F.R. § 1010.100(t)(3), (ff) (2019) (money services businesses); and 31 U.S.C. § 5312(a)(2)(X) (2012) and 31 C.F.R. § 1010.100(t)(5), (t)(6) (2019) (casinos and card clubs).
4. 31 U.S.C. §§ 5321, 5324 and 5330(e) (2012); 12 U.S.C. §§ 1829b(j) and 1955 (2012). FinCEN has the authority to examine financial institutions and, in addition, relies on examinations conducted by Federal functional regulators and the Internal Revenue Service. 31 U.S.C. § 5318(a)(3) and (b) (2012); 31 C.F.R. § 1010.810 (2019). Federal functional regulators, which may have their own enforcement authority, include the Securities and Exchange Commission, the Commodity Futures Trading Commission, the National Credit Union Administration, the Board of Governors of the Federal Reserve System, the Office of the Comptroller of the Currency, and the Board of Directors of the Federal Deposit Insurance Corporation. 31 C.F.R. § 1010.100(r) (2019).

**Enforcement Approach**

FinCEN has authority to take the following actions when it identifies an actual or possible violation of the BSA or any BSA regulation or order:

1. <u>No Action</u>.  FinCEN may close a matter with no additional action.  FinCEN may reopen the matter if FinCEN obtains new material information concerning the matter or becomes aware of additional or subsequent violations.
2. <u>Warning Letter</u>.  FinCEN may issue a warning through a supervisory letter or similar communication.
3. <u>Equitable Remedies</u>.  FinCEN may seek an injunction or equitable relief to enforce compliance when FinCEN believes an entity or individual has violated, is violating, or will violate the BSA or any BSA regulation or order.
4. <u>Settlements</u>.  As part of a settlement, FinCEN may require both remedial undertakings and civil money penalties.
5. <u>Civil Money Penalties</u>.  FinCEN may assess a civil money penalty.
6. <u>Criminal Referral</u>.  If circumstances warrant, FinCEN may refer a matter to appropriate law enforcement agencies for criminal investigation and/or criminal prosecution.

In all matters, FinCEN will consider the need to impose compliance commitments deemed necessary and appropriate to ensure that financial institutions are fully complying with their BSA obligations.

FinCEN considers a range of factors when evaluating an appropriate disposition upon identifying actual or possible violations of the BSA.  FinCEN considers both compliance with specific BSA requirements—such as registration, recordkeeping, and reporting requirements—as well as the adequacy of an anti-money laundering (AML) program, including the extent of the AML program's compliance with pillar requirements.[5]  FinCEN strives for proportionality, consistency, and effectiveness.  The weight given to any factor in contemplation of the potential dispositions identified above may change based on the relevant facts and circumstances of a case.  The factors FinCEN considers include, but are not limited to, the following:

1. Nature and seriousness of the violations, including the extent of possible harm to the public and the amounts involved.
2. Impact or harm of the violations on FinCEN's mission to safeguard the financial system from illicit use, combat money laundering, and promote national security.
3. Pervasiveness of wrongdoing within an entity, including management's complicity in, condoning or enabling of, or knowledge of the conduct underlying the violations.
4. History of similar violations, or misconduct in general, including prior criminal, civil, and regulatory enforcement actions.
5. Financial gain or other benefit resulting from, or attributable to, the violations.

---

5. "Pillar violations" would include the lack of one or more required elements of an AML program. Although AML program requirements may vary among categories of financial institution, all financial institutions that are subject to AML program requirements must implement a set of internal controls, conduct training and independent testing, and designate one or more individuals to assure day-to-day compliance with the BSA. *See, e.g.*, 31 C.F.R. § 1022.210 (AML program requirements for money services businesses).

6. Presence or absence of prompt, effective action to terminate the violations upon discovery, including self-initiated remedial measures.
7. Timely and voluntary disclosure of the violations to FinCEN.
8. Quality and extent of cooperation with FinCEN and other relevant agencies, including as to potential wrongdoing by its directors, officers, employees, agents, and counterparties.
9. Systemic nature of violations. Considerations include, but are not limited to, the number and extent of violations, failure rates (*e.g.,* the number of violations out of total number of transactions), and duration of violations.
10. Whether another agency took enforcement action for related activity. FinCEN will consider the amount of any fine, penalty, forfeiture, and/or remedial action ordered.